UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, ADDITIONAL SECURITY BENEFIT FUND, VACATION & HOLIDAY FUND, TRADE EDUCATION FUND, 401(K) SAVINGS PLAN, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL TRAINING FUND, | 20 CV _____ |
| | **COMPLAINT** |
| Plaintiffs, | |
| -against- | |
| HYDRONIC CONCEPTS NEW YORK PLUMBING & HEATING INC., | |
| Defendant. | |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action pursuant to, *inter alia*, sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to recover delinquent employer contributions to a group of employee benefit plans, to recover delinquent contributions pursuant to a payment bond, to enforce an employer's contractual and statutory obligations to make specified monetary contributions to such plans, and for related relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4.      Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3).  The Funds maintain their principal place of business at 50 – 02 Fifth Street, Long Island City, New York 11101.

5.      Plaintiff Plumbers Local Union No. 1 Welfare Fund (the "Welfare Fund") is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City.  The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.  The Union represents, and all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §§ 142.

6.      Plaintiff Trustees of the Plumbers & Pipefitters National Pension Fund (the "NPF") are employer and employee trustees of a multiemployer employee pension benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37).  The NPF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.  The NPF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

7.     Plaintiff Trustees of the International Training Fund (the "ITF") are employee and employer trustees of a multiemployer employee welfare benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37).  The ITF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.  The ITF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

8.     Defendant Hydronic Concepts New York Plumbing & Heating Inc.  ("Hydronic Concepts") was and is a for-profit company organized and established under the laws of the State of New York duly authorized to conduct business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 602(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Upon information and belief, Hydronic Concepts maintains a principal place of business at 1776 Broadway, Suite 706, New York, New York 10019.

## BACKGROUND

### The Collective Bargaining Agreement

9.     At all relevant times, Hydronic Concepts was a party to, and/or manifested its intention to be bound by, collective bargaining agreements, project labor agreements and/or participation agreements with the Union (the "CBAs").

10.     The CBAs require Hydronic Concepts to make specified hourly contributions to the Funds in connection with all plumbing work and other specified wok performed on behalf of Hydronic Concepts within the five boroughs of the City of New York ("Covered Work").

11.     The CBAs also require Hydronic Concepts to remit other specified amounts, including union dues withheld from its employees' pay in connection with Covered Work, to the Welfare Fund, as collection agent for the Union and other specified entities.

12.     The CBAs further require Hydronic Concepts to furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit to ensure compliance with required benefit fund contributions.

13.     The CBAs provide, *inter alia*, "[t]he Employer agrees to be bound by the provisions of the Trust Agreements pertaining to the Pension (including the Plumbers and Pipefitters National Pension Fund), Plumbers Local Union No. 1 Welfare, Plumbers Local Union No. 1 vacation-Holiday, Plumbers Local Union No. 1 Supplemental Benefits, Plumbers Local Union No. 1 Trade Education, Plumbers Local Union No. 1 401(k) Savings Plan [funds]" (the "Trust Agreements").

14.     The Trust Agreements permit the Funds to establish policies, rules and procedures for the purpose of collecting unpaid contributions to the Funds.  Pursuant thereto, the Funds adopted Policies for the Collection of Delinquent Fringe Benefit Contributions ("Collection Policies").

15.     The CBAs and the Collection Policies adopted thereunder, require Hydronic Concepts to submit monthly remittance reports to the Funds detailing the number of hours of Covered Work performed by its employees.

16.     Per the CBAs and the Local 1 Fund Collection Policy, employers are required to submit contributions and the supporting remittance reports by the twentieth (20th) day following the end of each calendar month.

17.     Similarly, per the 401(k) Savings Plan Collection Policy, employers are required to remit 401(k) Salary Deferrals and the supporting remittance report within seven (7) business days

after the end of the payroll period from which the amounts were deducted from the wages of the employee.

18.     Under the documents and instruments governing the Local 1 Funds, including their trust agreements and collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of ten percent (10%), liquidated damages of twenty percent (20%) of the principal amount due,  and attorneys' fees, audit fees, and other collection costs.

19.     Under the documents and instruments governing the 401(k) Savings Plan, including their trust agreement and collection policies promulgated in accordance therewith, employers whose deferrals are delinquent are liable for the amount of the delinquency, plus interest at the rate of ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the delinquency, and the greater of (a) lost earnings; or (b) restoration of profits, as defined by the Voluntary Fiduciary Correction Program ("VFCP") of the U.S. Department of Labor ("DOL"), 65 Fed. Reg. 14164 (March 15, 2000), which in no event shall be less than the underpayment rate defined in I.R.C. section 6621(a)(2), and which shall be determined by application of the DOL VFCP Online Calculator, and attorneys' fees and costs.

20.     Under the documents and instruments governing the NPF, including their trust agreements and the collection policies promulgate in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of twelve percent (12%), liquidated damages of ten percent (10%) of the principal amount due, and attorneys' fees, audits fees and other collection costs.

21.     Under the documents and instruments governing the ITF, including their trust agreements and the collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of delinquent contributions interest thereon

at an annual rate of twelve percent (12%), liquidated damages of twenty percent (20%) of the principal amount due, and attorneys' fees audit fees and other collection costs.

**Local 1 Fund Delinquencies**

### Delinquent Reports and Contributions

22.    Hydronic Concepts failed to report the number of hours of Covered Work performed by its employees for the period January 2020.  Accordingly, Hydronic Concepts owes an unknown amount of contributions to the Local 1 Funds for the period of January 2020 but estimated to be at least $47,556.66.

### Late Payment Interest

23.    Hydronic Concepts remitted contributions beyond their respective due dates for the periods November 24, 2015 through September 27, 2016; June 27, 2017; and November 28, 2017 through December 31, 2019.  Accordingly, Hydronic Concepts owes the Local 1 Funds interest of $14,924.18.

### 401(k) Salary Deferrals

24.    Additionally, Hydronic Concepts failed to submit remittance reports to the 401(k) Savings Plan for the period February 11, 2020 through February 18, 2020.  Therefore, Hydronic Concepts owes an unknown amount of 401(k) Salary Deferrals but estimated to be at least $3,130.70 for the period February 11, 2020 through February 18, 2020.

25.    Hydronic Concepts also underpaid or shorted payments of 401(k) Salary Deferrals in the amount of $78.00.

26.    Hydronic Concepts remitted 401(k) Salary Deferrals beyond their respective due dates for various weeks throughout the period of 2015 through 2020.  Accordingly, Hydronic Concepts owes interest on late paid 401(k) Salary Deferrals of $5,969.53.

**NPF/ITF Delinquencies**

### Delinquent Reports and Contributions

27.     Based upon remittance reports submitted by Hydronic Concepts to the Funds, Hydronic Concepts failed to remit contributions of $17,678.12[1] to the NPF and contributions of $869.40[2] to the ITF for Covered Work performed during the periods June and October 2019.

28.     Hydronic Concepts failed to report the number of hours of Covered Work performed by its employees for the period January 2020.  Accordingly, Hydronic Concepts owes an unknown amount of contributions to the NPF and ITF for the period of January 2020 but estimated to be $9,406.96 with respect to the NPF and $323.14 with respect to the ITF.

29.     Pursuant to the CBA, the documents and instruments governing the Funds and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Section 302 of the LMRA, 29 U.S.C. § 185, Hydronic Concepts is liable: (1) to the Local 1 Funds for: (a) estimated contributions of $47,556.66 for the period January 2020, (b) late payment interest of $14,924.18 for the periods November 24, 2015 through September 27, 2016, June 27, 2017, and November 28, 2017 through December 31, 2019, (c) interest on the unpaid contributions at an annual rate of ten percent (10%), and (d) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (2) to the 401(k) Savings Plan for: (a) estimated 401(k) Salary Deferrals of $3,130.70 for the period February 11, 2020 through February 18, 2020, (b) 401(k) Salary Deferral shortages of $78.00, (c) interest on late paid 401(k) Salary Deferrals for various weeks throughout the period 2015 through 2020 of $5,969.53, (d) interest on the unpaid contributions at an annual rate of ten percent (10%), (e) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing, and (f) the greater

---

[1] $8,515.64 for June 2019 and $9,164.48 for October 2019.
[2] $362.60 for June 2019 and $506.80 for October 2019.

of lost earnings or restoration of profits; (3) to the NPF for: (a) contributions of $17,678.12 for the periods June and October 2019, (b) estimated contributions of $9,406.96 for the period January 2020, (c) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (d) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing; (4) to the ITF for: (a) contributions of $869.40 for the periods June and October 2019, (b) estimated contributions of $323.14 for the period January 2020, (c) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (d) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing; (5) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys fees determined to be due according to the CBAs for any weeks that are unpaid as of the date judgment is entered and thereafter; and (6) to the Funds for all reasonable attorneys' fees, audit costs, and collection costs incurred by the Plaintiffs.

## THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST HYDRONIC CONCEPTS
### *Unpaid Contributions Under 29 U.S.C. § 1145*

30.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall…make such contributions in accordance with the terms and conditions of such plan or such agreement."

32.     The CBAs require that Hydronic Concepts make contributions to Plaintiffs for all Covered Work it performs within the trade and geographical jurisdiction of the Union.

33.     Hydronic Concepts owes the Funds estimated contributions of $57,286.76[3] for the period January 2020.

34.     Based on remittance reports submitted to the Funds by Hydronic Concepts, Hydronic Concepts owes the NPF contributions of $17,678.12 and the ITF contributions of $869.40 for the periods June and October 2019.

35.     Hydronic Concepts failed to remit 401(k) Salary Deferrals to the 401(k) Savings Plan for the period February 11, 2020 through February 18, 2020 in the estimate amount of $3,130.70.

36.     Hydronic Concepts also shorted or underpaid the 401(k) Savings Plan in the amount of $78.00.

37.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

38.     By its failure to contribute the reported and estimated contributions described *supra*, Hydronic Concepts contravened the CBAs, the documents and instruments governing the Funds, and section 515 of ERISA, 29 U.S.C. § 1145.

39.     Accordingly pursuant to the CBAs, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C.§ 1132(a)(3), (g)(2), and 29 U.S.C. § 1145, Hydronic Concepts is liable: (1) to the Local 1 Funds for, (a) estimated contributions of $47,556.66 for the period January 2020, (b) interest on the unpaid contributions at an annual rate of ten percent (10%), and (c) liquidated

---

[3] The estimated amount owed to the Local 1 Funds being $47,556.66.  The estimated amount owed to the NPF being $9,406.96 and the estimated amount owed to the ITF being $323.14.

damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (2) to the 401(k) Savings Plan: (a) estimated 401(k) Salary Deferrals of $3,130.70 for the period February 11, 2020 through February 18, 2020, (b) 401(k) shortages of $78.00, (c) interest thereon at the rate of ten percent (10%) per annum, (d) liquidated damages of twenty percent (20%) of the principal amount due, and (e) the greater of lost earnings or restoration of profits;  (3) to the NPF for: (a) contributions of $17,678.12 for the periods June and October 2019, (b) estimated contributions of $9,406.96 for the period January 2020, (c) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (d) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing; (4) to the ITF for (a) contributions of $869.40 for the periods June and October 2019, (b) estimated contributions of $323.14 for the period January 2020, (c) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (d) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing; (5) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBA for any weeks that are unpaid as of the date judgment is entered and thereafter; and (6) to the Funds for all reasonable attorneys' fees, audit costs, and collection costs incurred by the Plaintiffs.

### THE FUNDS' SECOND CLAIM FOR RELIEF AGAINST HYDRONIC CONCEPTS
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

40.     Plaintiffs repeat the allegations set forth in all preceding paragraphs hereof and incorporate them herein by reference.

41.     Section 301 of the LMRA, 29 U.S.C.§ 185, authorizes the Union and the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

42.     Hydronic Concepts violated the terms of the CBAs when it failed to make all contributions due and owing for Covered Work for the periods June 2019, October 2019, and January 2020.

43.     Hydronic Concepts violated the terms of the CBAs when it failed to submit remittance reports detailing the number of hours of Covered Work performed by its employees for the period January 2020.

44.     Hydronic Concepts also violated the terms of the CBAs by failing to remit reports and corresponding 401(k) Salary Deferrals for the period February 11, 2020 through February 18, 2020 and by failing to pay the correct amount, thereby shorting the 401(k) Savings Plan.

45.     Hydronic Concepts violated the terms of the CBAs by failing to timely remit 401(k) Salary Deferrals for various weeks during the period of 2015 through 2020.

46.     Hydronic Concepts further violated the terms of the CBAs by failing to timely remit contributions for the periods November 24, 2015 through September 27, 2016, June 27, 2017, and November 28, 2017 through December 31, 2019.

47.     As a result of Hydronic Concept's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1.     Render judgment in favor of Plaintiffs against Defendant Hydronic Concepts for:

   a.   Defendant's failure to timely submit remittance reports and corresponding benefit contributions as required by the CBAs for the period January 2020;

   b.    Defendant's failure to submit contributions required by the CBAs the periods June and October 2019;

   c.   Defendant's failure to timely submit contributions as required by the CBAs for the periods November 24, 2015 through September 27, 2016, June 27, 2017,

and November 28, 2017 through December 31, 2019, resulting in the accrual of interest;

    d.  Defendant's failure to timely submit 401(k) Salary Deferrals as required by the CBAs for various weeks during the period 2015 through 2020, resulting in the accrual of 401(k) Salary Deferral interest;

    e.  Defendant's for failure to timely remit reports and corresponding 401(k) Salary Deferrals that it was required to withhold from its employees' pay in connection with Covered Work performed from February 11, 2020 through February 18, 2020;

2.    Order Hydronic Concepts to pay to Plaintiff Local 1 Funds: (1) estimated delinquent contributions of $47,556.66 for the period January 2020, (2) late payment interest of $14,924.18 for the periods November 24, 2015 through September 27, 2016, June 27, 2017, and November 28, 2017 through December 31, 2019, (3) interest on the unpaid contributions at an annual rate of ten percent (10%), and (4) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing;

3.    Order Hydronic Concepts to pay to Plaintiff NPF: (1) delinquent contributions of $17,678.12 for the periods June and October 2019, (2) estimated delinquent contributions of $9,406.96 for the period January 2020, (3) interest on the unpaid contributions at an annual rate of twelve percent (12%), and (4) liquidated damages in the amount of ten percent (10%) of the amount of delinquent contributions due and owing;

4.    Order Hydronic Concepts to pay Plaintiff ITF: (1) delinquent contributions of $869.40 for the periods June and October 2019, (2) estimated delinquent contributions of $323.14 for the period January 2020,  (3) interest on the unpaid contributions at an annual rate of twelve

percent (12%), and (4) liquidated damages in the amount of twenty percent (20%) of the delinquent contributions due and owing;

5.      Order Hydronic Concepts to pay Plaintiff 401(k) Savings Plan: (1) estimated delinquent 401(k) Salary Deferrals of $3,130.70 for the period February 11, 2020 through February 18, 2020, (2) 401(k) shortages of $78.00, (3) interest on late paid 401(k) Salary Deferrals for various weeks during the period 2015 through 2020 of $5,969.53, (4) interest thereon at the rate of ten percent (10%) per annum, (4) liquidated damages thereon of twenty percent (20%), and (6) the greater of lost earnings or restoration of profits;

6.      Order Hydronic Concepts to pay Plaintiffs: (1) reasonable attorneys' fees, audit costs, and collection costs incurred by the Plaintiffs in this action, (2) any additional delinquent benefit contributions, interest, liquidated damages, and attorneys' fees determined to be due according to the CBAs for any weeks that are unpaid as of the date judgment is entered and thereafter, and (3) such other legal or equitable relief as the Court deems appropriate; and

7.      Award Plaintiffs such other and further relief as the Court deems just and proper.


Dated: New York, New York            Respectfully submitted,
        March 9, 2020

                                     **VIRGINIA & AMBINDER, LLP**


                      By:      _____/s/_____
                               Charles R. Virginia
                               Adrianna R. Grancio
                               40 Broad Street, 7th Floor
                               New York, NY 10004
                               (212) 943-9080
                               agrancio@vandallp.com
                               *Attorneys for Plaintiffs*